PT:LXN
F.#2014R01213

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 1 9 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

     - against -

TOMMY'S MIDWAY INC.,

         Defendant.

– – – – – – – – – – – – – –X

**INFORMATION**

Cr. No. _14 – 448 (RRM)_

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), and
3551 et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

       At all times relevant to this Information, unless otherwise indicated:

<u>INTRODUCTION</u>

I.    <u>The Defendant and Its Business</u>

       1.     TOMMY'S MIDWAY INC. ("TM") was a privately owned New York corporation with its principal office in the Bronx, New York.   TM operated traveling carnivals at various locations in the New York City area.

       2.     TM, like other traveling carnival businesses that sought to operate carnivals in New York City, was required to obtain permissions, permits and licenses from various local government agencies.   For example, carnivals were required to obtain a "Temporary Use Device License" from the New York City Department of Consumer Affairs ("DCA") in order to operate carnival rides.   Before granting such a Temporary Use Device

License, DCA often required letters of support from elected officials representing the area within which the carnival was to be held.

II.     The New York State Senate

3.     The New York State Senate (the "Senate") was one of the two houses of the legislative branch of the government of the State of New York.   In calendar year 2009, the government of the State of New York received in excess of $10,000 under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance.

III.    The Bribery Scheme

4.     In or about August 2009, TM, together with a carnival promoter (the "Promoter"), the identity of whom is known to the United States Attorney, sought to operate a carnival at a public school in Queens, New York (the "Queens Carnival") later that summer. This public school was in the district of a particular New York State Senator (the "Senator"), an individual whose identity is known to the United States Attorney.   The Senator no longer holds that office.

5.     TM and the Promoter agreed to pay bribes to the Senator in exchange for the Senator's support of TM's applications to government agencies for permission to operate the Queens Carnival.   Later, TM and the Promoter paid bribes to the Senator using proceeds of the Queens Carnival.

6.     From on or about August 26, 2009 through on or about September 1, 2009, TM operated the Queens Carnival, which generated receipts of approximately $80,000.

## BRIBERY CONSPIRACY

7.    The allegations contained in paragraphs 1 through 6 are realleged and incorporated as if fully set forth in this paragraph.

8.    In or about and between August 2009 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TOMMY'S MIDWAY INC., together with others, did knowingly and willfully conspire to corruptly give, offer and agree to give one or more things of value, to wit: approximately $7,000 worth of money orders to the Senator, an agent of a state government, to wit: the government of the State of New York, which received in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, with intent to influence and reward the Senator in connection with business and one or more transactions and series of transactions of the New York State government involving things of value of $5,000 or more, contrary to Title 18 United States Code, Section 666(a)(2).

9.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant, TOMMY'S MIDWAY INC., together with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

a.    On or about August 17, 2009, the Senator signed a letter, written on Senate letterhead and addressed to the Commissioner of DCA, in support of TM's application to operate the Queens Carnival from August 25, 2009 through August 30, 2009.

b.      On or about August 29, 2009, in Queens, New York, TM and the Promoter gave the Senator approximately $5,000 worth of money orders made payable to a fund formed by the Senator to pay for the Senator's legal expenses (the "Fund").

c.      On or about August 31, 2009, the Senator signed another letter, also written on Senate letterhead and addressed to the Commissioner of DCA, in support of TM's request to extend the operating dates of the Queens Carnival for an additional two days.

d.      On or about September 2, 2009, TM and the Promoter gave the Senator approximately $2,000 worth of money orders made payable to the Fund.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

10.      The United States hereby gives notice to the defendant TOMMY'S MIDWAY INC. that, upon its conviction of the above-charged offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense.

11.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been comingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK